FINZ & FINZ, P.C.
410 East Jericho Turnpike
Mineola, NY 11501
Tel.: (516) 433-3000
abenno@finzfirm.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID WISDOM,<br><br>              Plaintiff,<br><br>vs.<br><br>THE COUNTY OF NASSAU, DET. CHARLES PENTOLA, DET. RAYMOND BUTTERWORTH, P.O. VICTOR GLADITZ, P.O. KERRI ANN HOOVERT, P.O. JORGE DIAZ, SGT. VINCENT PAPA, P.O. CHARLES VOLPE, P.O. TANYA TUCKER, P.O. JOHN MONELL, SGT. KENNETH CATALANI, DET. ROY MCCOMB, DET. G. UMBARILA, P.O. ERIK DIAZ, LT. ADAM SCHEINER, AND "JOHN/JANE DOES 1-10" (NAMES BEING FICTITIOUS AND PRESENTLY UNKNOWN),<br><br>              Defendants. | Case No.:  16-cv-1728<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his undersigned attorneys, allege as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.   Plaintiffs also assert claims under New York law.

## **JURISDICTION**

2.      This Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

COMPLAINT - 1

**VENUE**

3.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

**JURY TRIAL DEMANDED**

4.      Plaintiff demands trial by jury of all issues properly triable thereby.

**THE PARTIES**

5.       Plaintiff KHALID WISDOM is a resident of the County of Kings in the City and State of New York.

6.      That at all times relevant herein, defendant COUNTY OF NASSAU (hereinafter, "COUNTY") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Defendant COUNTY, its agents, servants and/or employees operated, maintained and controlled the Nassau County Police Department (hereinafter, "NCPD").

8.      That at all times relevant herein, NCPD was a subdivision, department or agency of defendant COUNTY.

9.      That at all times relevant herein, defendant COUNTY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

10.      That at all times herein mentioned, defendant DET. CHARLES PENTOLA was and is a NCPD officer employed by defendant COUNTY.

11.      That at all times herein mentioned, defendant PENTOLA was acting within the course and scope of his employment with defendant COUNTY.

12.      That at all times herein mentioned, defendant PENTOLA was acting under color of state law.

COMPLAINT - 2

13.     Defendant PENTOLA is sued herein in both his individual and official capacities.

14.     That at all times herein mentioned, defendant DET. RAYMOND BUTTERWORTH was and is a NCPD officer employed by defendant COUNTY.

15.     That at all times herein mentioned, defendant BUTTERWORTH was acting within the course and scope of his employment with defendant COUNTY.

16.     That at all times herein mentioned, defendant BUTTERWORTH was acting under color of state law.

17.     Defendant BUTTERWORTH is sued herein in both his individual and official capacities.

18.     That at all times herein mentioned, defendant P.O. VICTOR GLADITZ was and is a NCPD officer employed by defendant COUNTY.

19.     That at all times herein mentioned, defendant GLADITZ was acting within the course and scope of his employment with defendant COUNTY.

20.     That at all times herein mentioned, defendant GLADITZ was acting under color of state law.

21.     Defendant GLADITZ is sued herein in both his individual and official capacities.

22.     That at all times herein mentioned, defendant P.O. ANN HOOVERT was and is a NCPD officer employed by defendant COUNTY.

23.     That at all times herein mentioned, defendant HOOVERT was acting within the course and scope of her employment with defendant COUNTY.

24.     That at all times herein mentioned, defendant HOOVERT was acting under color of state law.

1    25.  Defendant HOOVERT is sued herein in both her individual and official

2 capacities.

3    26.  That at all times herein mentioned, defendant P.O. JORGE DIAZ was and is a

4 NCPD officer employed by defendant COUNTY.

5    27.  That at all times herein mentioned, defendant JORGE DIAZ was acting within

6 the course and scope of his employment with defendant COUNTY.

7    28.  That at all times herein mentioned, defendant JORGE DIAZ was acting under

8 color of state law.

9    29.  Defendant JORGE DIAZ is sued herein in both his individual and official

10 capacities.

11    30.  That at all times herein mentioned, defendant SGT. VINCENT PAPA was and is

12 a NCPD officer employed by defendant COUNTY.

13    31.  That at all times herein mentioned, defendant SGT. VINCENT PAPA was acting

14 within the course and scope of his employment with defendant COUNTY.

15    32.  That at all times herein mentioned, defendant SGT. VINCENT PAPA was acting

16 under color of state law.

17    33.  Defendant SGT. VINCENT PAPA is sued herein in both his individual and

18 official capacities.

19    34.  That at all times herein mentioned, defendant P.O. CHARLES VOLPE was and

20 is a NCPD officer employed by defendant COUNTY.

21    35.  That at all times herein mentioned, defendant P.O. CHARLES VOLPE was

22 acting within the course and scope of his employment with defendant COUNTY.

COMPLAINT - 4

36.     That at all times herein mentioned, defendant P.O. CHARLES VOLPE was acting under color of state law.

37.     Defendant P.O. CHARLES VOLPE is sued herein in both his individual and official capacities.

38.     That at all times herein mentioned, defendant P.O. TANYA TUCKER was and is a NCPD officer employed by defendant COUNTY.

39.     That at all times herein mentioned, defendant P.O. TANYA TUCKER was acting within the course and scope of her employment with defendant COUNTY.

40.     That at all times herein mentioned, defendant P.O. TANYA TUCKER was acting under color of state law.

41.     Defendant P.O. TANYA TUCKER is sued herein in both her individual and official capacities.

42.     That at all times herein mentioned, defendant P.O. JOHN MONELL was and is a NCPD officer employed by defendant COUNTY.

43.     That at all times herein mentioned, defendant P.O. JOHN MONELL was acting within the course and scope of his employment with defendant COUNTY.

44.     That at all times herein mentioned, defendant P.O. JOHN MONELL was acting under color of state law.

45.     Defendant P.O. JOHN MONELL is sued herein in both his individual and official capacities.

46.     That at all times herein mentioned, defendant SGT. KENNETH CATALANI was and is a NCPD officer employed by defendant COUNTY.

COMPLAINT - 5

47.     That at all times herein mentioned, defendant SGT. KENNETH CATALANI was acting within the course and scope of his employment with defendant COUNTY.

48.     That at all times herein mentioned, defendant SGT. KENNETH CATALANI was acting under color of state law.

49.     Defendant SGT. KENNETH CATALANI is sued herein in both his individual and official capacities.

50.     That at all times herein mentioned, defendant DET. ROY MCCOMB was and is a NCPD officer employed by defendant COUNTY.

51.     That at all times herein mentioned, defendant DET. ROY MCCOMB was acting within the course and scope of his employment with defendant COUNTY.

52.     That at all times herein mentioned, defendant DET. ROY MCCOMB was acting under color of state law.

53.     Defendant DET. ROY MCCOMB is sued herein in both his individual and official capacities.

54.     That at all times herein mentioned, defendant DET. G. UMBARILA was and is a NCPD officer employed by defendant COUNTY.

55.     That at all times herein mentioned, defendant DET. G. UMBARILA was acting within the course and scope of his employment with defendant COUNTY.

56.     That at all times herein mentioned, defendant DET. G. UMBARILA was acting under color of state law.

57.     Defendant DET. G. UMBARILA is sued herein in both his individual and official capacities.

COMPLAINT - 6

58.     That at all times herein mentioned, defendant P.O. ERIK DIAZ was and is a NCPD officer employed by defendant COUNTY.

59.     That at all times herein mentioned, defendant P.O. ERIK DIAZ was acting within the course and scope of his employment with defendant COUNTY.

60.     That at all times herein mentioned, defendant P.O. ERIK DIAZ was acting under color of state law.

61.     Defendant P.O. ERIK DIAZ is sued herein in both his individual and official capacities.

62.     That at all times herein mentioned, defendant LT. ADAM SCHEINER was and is a NCPD officer employed by defendant COUNTY.

63.     That at all times herein mentioned, defendant LT. ADAM SCHEINER was acting within the course and scope of his employment with defendant COUNTY.

64.     That at all times herein mentioned, defendant LT. ADAM SCHEINER was acting under color of state law.

65.     Defendant LT. ADAM SCHEINER is sued herein in both his individual and official capacities.

66.     That at all times herein mentioned, defendants "JOHN/JANE DOES 1-10" (hereinafter, "DOES 1-10") were and are NCPD law enforcement personnel employed by defendant COUNTY.

67.     That at all times herein mentioned, DOES 1-10 were acting within the course and scope of their employment with defendant COUNTY.

68.     That at all times herein mentioned, DOES 1-10 were acting under color of state law.

COMPLAINT - 7

69.     That DOES 1-10 are sued herein in both their individual and official capacities.

70.     The names "JOHN/JANE DOES 1-10" are fictitious, as these defendants' true names are presently unknown.

71.     These defendants are intended to be the law enforcement personnel involved in the events described in this Complaint, including the arrest, detention, assault, battery, searches, imprisonment, and prosecution of plaintiff, or the authorization, ratification, and encouragement of the same.

72.     That at all times herein mentioned, the individual defendants herein acted jointly and in concert with each other.

73.     Each individual defendants had the duty and the opportunity to protect plaintiff KHALID WISDOM from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

**FACTUAL BACKROUND**

74.     The facts stated in this complaint are based, inter alia, on the personal knowledge of plaintiff KHALID WISDOM regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to plaintiff. Those sources are incomplete, particularly, without limitation, as to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.

75.     Plaintiff KHALID WISDOM repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

COMPLAINT - 8

76.     On September 13, 2013 between approximately 11:23 a.m., in or about the driveway and/or the front of a house located at 274 Evans Avenue, in the Franklin Square and/or Elmont section of Nassau County, State of New York, plaintiff was falsely arrested by defendants.

77.     On the above-said time and date, plaintiff was lawfully present at the above-said address, when defendants, without a warrant, consent, or probable cause, forcibly arrested him without lawful basis or legal justification.

78.     Defendants intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights forcibly seized, detained, and arrested and searched plaintiff without justification, privilege or probable cause.

79.     Defendants also viciously, violently, and without any lawful justification, attacked, assaulted and battered plaintiff, even though plaintiff did not at any point struggle or resist arrest.

80.     Defendants gratuitously used force against plaintiff and used more force than was reasonably necessary against plaintiff.

81.     Plaintiff was thereafter falsely imprisoned, against his will, in defendants' custody, including at the Nassau County Jail, for an extended period of time.

82.     During that time, defendants, without plaintiff's consent, subjected plaintiff to several humiliating and invasive bodily searches, including strip searches and visual body cavity searches without legal basis or individualized reasonable suspicion.

83.     While plaintiff was unlawfully imprisoned, defendants knowingly relayed false allegations against plaintiff that they had devised to the Nassau County District Attorney's Office, which used that information to draft district court felony complaints against plaintiff.

COMPLAINT - 9

84.    Thereafter, defendants signed district court felony complaints, which, based on the fabricated information that defendants had provided to the District Attorney's Office, charged plaintiff with various crimes.

85.    Plaintiff did not commit any of the offenses with which he was charged, nor did he commit any offense or engage in any unlawful conduct on September 13, 2013; nor did any police officer or civilian observe plaintiff do so.

86.    Defendants GLADITZ,  JORGE DIAZ , CATALANI, HOOVERT,  and, upon information and belief, other individual defendants herein named, each signed various district court felony complaints alleging that plaintiff committed a variety of offenses, thereby swearing to the veracity of their allegations, under penalty of perjury, despite her knowing that there was no truth to those allegations whatsoever, that the allegations against plaintiff were false and completely fabricated, that there was never any legal basis to have detained or arrested plaintiff, and that there was no legal basis to prosecute him.

87.    All defendants conspired to lodge these false allegations against plaintiff and initiate a prosecution against him for offenses they knew he did not commit.

88.    Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

89.    Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

90.    Thereafter, plaintiff was arraigned on those felony complaints.

91.    Plaintiff pleaded not guilty to all counts, and bail was set at $200,000.  Plaintiff was unable to make the bail.

COMPLAINT - 10

92.     Plaintiff thereafter was required on several occasions to appear in court to defend against the false criminal charges that had been lodged against him.

93.     All defendants acted in concert to lodge these false allegations against plaintiff and initiate a prosecution against him for an offense they knew he did not commit.

94.     Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

95.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

96.     The unlawful imprisonment and malicious prosecution of plaintiff continued uninterrupted until on or about January 12, 2015, when plaintiff was released from defendants' custody after he was acquitted after trial of all charges that had been brought against him.

97.     As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, economic loss inclusing without limitation loss of earnings, and deprivation of his constitutional rights.

98.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## DAMAGES

99.     As a result of the foregoing, plaintiff was severely and seriously physically and mentally injured, suffered a loss of enjoyment of life and a loss of liberty, suffered great indignity and humiliation, was held up to scorn and ridicule, was injured in his character and reputation, and suffered economic and pecuniary damages and loss, deprivation of his constitutional rights, and other damages.

COMPLAINT - 11

100.    That by reason of the foregoing, and as a result of the aforesaid actions and/or omissions of defendants, plaintiff was severely injured, bruised, wounded, suffered, still suffers and will continue to suffer for some time, great physical pain and serious and severe bodily and mental injuries  and mental anguish and has become sick, sore, lame and disabled and will remain so permanently and/or for a considerable length of time; and plaintiff was and will continue to be rendered unable to perform his normal activities, duties and vocation and has sustained a resultant loss therefrom, including medical expenses, loss of wages and other related expenses.

## FIRST CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

### (False Arrest/Imprisonment Under 42 U.S.C. § 1983)

101.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

102.    Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned and incarcerated at various facilities, and thereby deprived plaintiff of his rights, liberties, and freedoms under color of state law, including plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

103.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

COMPLAINT - 12

104.    Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor – in violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

**THIRD CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS**

**(Excessive Force Claim Under 42 U.S.C. § 1983)**

105.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

106.    Defendants, acting in concert and within the scope of their employment and authority, used objectively unreasonable force against plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

**FOURTH CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS**

**(Failure to Intervene Claim Under 42 U.S.C. § 1983)**

107.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

108.    Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

COMPLAINT - 13

1

## FIFTH CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

2

### (Unreasonably Prolonged Detention Under 42 U.S.C. § 1983)

3       109.    Plaintiff repeats and realleges each and every allegation set forth above as though

4   fully set forth at length herein.

5       110.    Upon information and belief, defendants' above-described conduct, including but

6   not limited to defendants' mishandling of exculpatory and/or impeaching evidence and their

7   concealment, suppression, and/or failure to turn said evidence over to the prosecution or the

8   defense, and their intimidation, threats, coercion, and deceit of witnesses, engaged in under

9   color of state law, violated rights, privileges and immunities secured to plaintiff by the

10  Constitution of the United States of America including, inter alia, plaintiff's Fourth and

11  Fourteenth Amendment right to be free from continued detention after it was or should have

12  been known that plaintiff was entitled to release, as articulated in Russo v. City of Bridgeport,

13  479 F.3d 196 (2d Cir. 2007).

14      111.    Plaintiff had a right to be free from continued detention stemming from

15  defendants' intimidation and coercion of witnesses, and their mishandling, concealment, and/or

16  suppression of the exculpatory and/or impeaching material described above, and defendants

17  violated that right.

18      112.    That said Constitutional right arises both from plaintiff's Fourth Amendment

19  right to be free of unreasonable searches and seizures and plaintiff's Fourteenth Amendment

20  right to substantive due process.

21      113.    Defendants conduct in this regard was so egregious and outrageous as to shock

22  the conscience.

23

24

COMPLAINT - 14

## SIXTH CLAIM - AGAINST DEFENDANT COUNTY

### ("Monell" Claim under 42 U.S.C. § 1983)

114.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

115.     The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the NCPD and their specific precinct(s) forbidden by the Constitution of the United States.

116.     The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

117.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NCPD, which was known to and ratified by defendant COUNTY.

118.     Despite knowledge of these institutionalized practices, defendant COUNTY has at no time taken any effective action to prevent NCPD personnel from continuing to engage in this type of misconduct.

119.     Defendant COUNTY had prior notice of the vicious propensities of its agents and employees, including, without limitation, defendants PENTOLA, BUTTERWORTH, GLADITZ, HOOVERT, JORGE DIAZ, PAPA, VOLPE, TUCKER, MONELL, CATALANI, MCCOMB, UMBARILA, ERIK DIAZ, SCHEINER, AND "JOHN/JANE DOES 1-10," but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

COMPLAINT - 15

120.     The failure of defendant COUNTY to properly train its agents and employees, including, without limitation, defendants PENTOLA, BUTTERWORTH, GLADITZ, HOOVERT, JORGE DIAZ, PAPA, VOLPE, TUCKER, MONELL, CATALANI, MCCOMB, UMBARILA, ERIK DIAZ, SCHEINER, AND "JOHN/JANE DOES 1-10," included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York, federal and state constitutional limitations, and the proper and prudent use of force.

121.     Defendant COUNTY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, among other things:

a.   Failing to properly discipline, train, restrict, and control its agents and employees, including, without limitation, defendants PENTOLA, BUTTERWORTH, GLADITZ, HOOVERT, JORGE DIAZ, PAPA, VOLPE, TUCKER, MONELL, CATALANI, MCCOMB, UMBARILA, ERIK DIAZ, SCHEINER, AND "JOHN/JANE DOES 1-10," known to be irresponsible in their dealings with citizens of the community;

b.   Failing to take adequate precautions in the training, hiring, promotion, and retention of police personnel, including specifically defendants PENTOLA, BUTTERWORTH, GLADITZ, HOOVERT, JORGE DIAZ, PAPA, VOLPE, TUCKER, MONELL, CATALANI, MCCOMB, UMBARILA, ERIK DIAZ, SCHEINER, AND "JOHN/JANE DOES 1-10";

c.   Failing to forward to the office of the District Attorney of Nassau County evidence of unlawful acts committed by police personnel;

d.   Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but

1       instead responding to these types of complaints with bureaucratic power and

2       official denials calculated to mislead the public;

3   e.  Wrongfully arresting minority individuals on the pretext that they were involved

4       in criminal offenses;

5   f.  Manufacturing evidence against individuals they have arrested;

6   g.  Searching, including strip-searching and/or conducting visual body cavity

7       searches on, individuals in the absence of individualized reasonable suspicion;

8   h.  Arresting innocent persons in order to meet "productivity goals" (i.e., arrest

9       quotas);

10  i.  That the failure to supervise and/or train by defendant COUNTY of its agents

11      and employees, including, without limitation, defendants PENTOLA,

12      BUTTERWORTH, GLADITZ, HOOVERT, JORGE DIAZ, PAPA, VOLPE,

13      TUCKER, MONELL, CATALANI, MCCOMB, UMBARILA, ERIK DIAZ,

14      SCHEINER, AND "JOHN/JANE DOES 1-10,"  rose to the level of deliberate

15      indifference to the consequences of its actions, and indifference to plaintiff's

16      rights, privileges and immunities secured by the Constitution of the United States

17      of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

18  122.    The existence of the aforesaid unconstitutional customs and policies may be

19  inferred from repeated occurrences of similar wrongful conduct, as documented in the following

20  civil rights actions filed against defendant COUNTY and certain of the individual defendants

21  herein named:

22  a.  Sharpe v. County of Nassau, et al., 15-cv-6446 (EDNY)

23  b.  Hartman v. County of Nassau, et al., 12-cv-4375 (EDNY)

COMPLAINT - 17

c.   <u>Isley v. County of Nassau, et al.</u>, 11-cv-5228 (EDNY)

d.   <u>Indelicato v. County of Nassau, et al.</u>, Index No. 11393/2013 (Sup. Ct. Nassau Co.)

e.   <u>Bonneville v. County of Nassau, et al.</u>, Index No. 5269/2013 (Sup. Ct. Nassau Co.)

123.   The NCPD has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NCPD police officers come in contact.

124.   The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

125.   The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

126.   The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

**<u>Supplemental State Law Claims</u>**

127.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

128.   Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with defendant COUNTY, a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

129.   More than thirty (30) days have elapsed since the presentation of plaintiff's claims to defendant COUNTY, and defendant COUNTY has wholly neglected or refused to make an adjustment or payment thereof.

COMPLAINT - 18

130.     This action was commenced within one (1) year and ninety (90) days after the claims accrued.

131.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

132.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## SEVENTH CLAIM - AGAINST ALL DEFENDANTS

### (False Arrest/Imprisonment Claim under New York Law)

133.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

134.     Defendants, acting in concert and within the scope of their employment and authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

135.     Defendant  COUNTY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## EIGHTH CLAIM - AGAINST ALL DEFENDANTS

### (Malicious Prosecution under New York Law)

136.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

137.     Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause - a prosecution that terminated in plaintiff's favor.

COMPLAINT - 19

138.     Defendant COUNTY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## NINTH CLAIM - AGAINST ALL DEFENDANTS

### (Assault Claim under New York Law)

139.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

140.     Defendants, acting in concert and within the scope of their employment and authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

141.     Defendant  COUNTY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## TENTH CLAIM - AGAINST ALL DEFENDANTS

### (Battery Claim Under New York Law)

142.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

143.     Defendants, acting in concert and within the scope of their employment and authority, made offensive contact with plaintiff without privilege or consent.

144.     Defendant  COUNTY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

COMPLAINT - 20

**ELEVENTH CLAIM - AGAINST ALL DEFENDANTS**

**(Intentional Infliction of Emotional Distress)**

145.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

146.     Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking and which exceeded all reasonable bounds of decency.

147.     Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

148.     Defendant COUNTY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat</u> <u>superior</u>.

**TWELFTH CLAIM - AGAINST ALL DEFENDANTS**

**(Negligent Training)**

149.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

150.     Defendants failed to use reasonable care in the training of the NCPD employees who participated in the above unlawful conduct.

151.     Defendant COUNTY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat</u> <u>superior</u>.

1

### THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

2

**(Violation Of Plaintiff's Rights Under The New York State Constitution)**

3        152.    Plaintiff repeats and realleges each and every allegation set forth above as though

4    fully set forth at length herein.

5        153.    Defendants, acting in concert and within the scope of their employment and

6    authority, violated plaintiff's rights under the New York State Constitution, including those

7    rights enumerated under Article I, § 12 and Article I, § 6.

8        154.    Defendant COUNTY is also liable for the damages suffered by plaintiff as a

9    result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat</u>

10   <u>superior</u>.

11

12                                              *          *          *

13

COMPLAINT - 22

1

## **PRAYER FOR RELIEF**

2    **WHEREFORE**, plaintiff demands the following relief jointly and severally against all the

3    defendants:

4         a.   Compensatory damages in an amount to be determined at trial;

5         b.   Punitive damages in an amount to be determined at trial;

6         c.   Attorneys' fees pursuant to 42 U.S.C. § 1988;

7         d.   An award of plaintiff's costs of suit;

8         e.   Pre-judgment and post-judgment interest;

9         f.   Such other relief as this Court deems just and proper.

                    Dated this $5^h$ day of April, 2016

                    _____
                    Ameer Benno, Esq.

                    FINZ & FINZ, P.C.
                    410 East Jericho Turnpike
                    Mineola, NY 11501
                    Tel.: (516) 433-3000

COMPLAINT - 23