

| **LAURA CURRAN**<br>County Executive | | **JARED A. KASSCHAU**<br>County Attorney |
|---|---|---|

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

August 26, 2019

Via ECF
Hon. Denis R. Hurley
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:  <u>Wisdom v. County of Nassau 16-CV-01728 (DRH)(AYS)</u>

Dear Judge Hurley:

      This office represents defendants, Nassau County and 14 officers and/or detectives of the Nassau County Police Department in the above-referenced action. In accordance with Rule 3(B) of the Court's Individual Practice Rules, defendants submit this letter to request a pre-motion conference to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

      **Factual Background**. On September 13, 2013 plaintiff Khalid Wisdom ("plaintiff") was arrested together with three accomplices and charged with three counts of robbery, first degree, and criminal possession of a weapon, third degree. The charges arose from an armed robbery at the Tri-Star Motors car dealership in Elmont, New York in which two of the accomplices, David Hosannah and Horatio Forrest, went into the dealership and robbed employees at gunpoint with a handgun. The pair then fled the scene, ran to a getaway car, a Range Rover in which driver Rubens Petion and lookout plaintiff Wisdom were waiting. After hearing the robbery notification on police radio, defendant police officers Kerri Ann Hoovert and Victor Gladitz, in a police radio motor patrol car ("RMP"), observed the getaway car traveling on Hempstead Turnpike and attempted to stop the vehicle. It slowed down and Hosannah exited the Range Rover, holding his waistband in a manner that suggested he was holding a gun. The Range Rover stopped on Scimitar Avenue and Evans Avenue and the officers parked behind it. Two males, Forrest and Petion, exited the vehicle and lay prone, face-down on the ground. Gladitz and Hoovert began handcuffing the prone suspects. While the two males were on the ground, Gladitz stood next to the rear passenger door on the driver's side and noticed plaintiff in the car sitting, looking straight ahead, not moving. Gladitz looked directly at plaintiff, who then slowly opened the door and slowly walked away. Gladitz transmitted a description of plaintiff over police radio as walking northbound on Evans Avenue, wearing a maroon shirt, green shorts, and apparently orange underwear that showed because he wore his pants very low. Defendant officers Jorge Diaz and John Monell arrived in an RMP, at which point Gladitz described plaintiff as before, now adding that plaintiff had tattoos all over his face. Diaz and Monell walked up Evans Avenue and saw plaintiff exiting from the rear of a house walking down the driveway. Diaz and Monell placed plaintiff down on the ground and handcuffed him. Subsequently, as plaintiff was sitting in an RMP, an employee of the car dealership identified plaintiff as having been in the store prior to the date of the robbery attempting to buy a vehicle but had been rejected as having no credit history.

Plaintiff was arrested and was unable to post bail. He pleaded not guilty to all counts, was indicted by a Grand Jury, and was incarcerated at Nassau County Correctional Center until he was acquitted after a bench trial on January 12, 2015.

**Allegations of the Complaint**. The Complaint asserts federal claims for false arrest and malicious prosecution, excessive force, failure to intervene, unreasonably prolonged detention and a *Monell* claim, as well as state law claims for false arrest, malicious prosecution, assault, battery, intentional infliction of emotional distress, negligent training and violation of Article I, §§ 6 and 12 of the New York State Constitution (deprivation of due process and unreasonable search and seizure).

**Grounds for Summary Judgment. (1) False Arrest (federal and state law claims).** Based on the car chase of the Range Rover described in the robbery, proceeds of the robbery which were found in the Range Rover, the discovery of a handgun in the area where Hosannah was hiding, Gladitz's seeing plaintiff exit the getaway vehicle, and the employee's identification of plaintiff as having been in the store previously, defendants had probable cause to arrest plaintiff for robbery and criminal possession of a weapon. "A plaintiff may not recover for false arrest when the arresting officer had probable cause." *Crenshaw v. City of Mount Vernon*, 372 Fed. Appx. 202, 205 (2d Cir. 2010). The existence of probable cause to arrest constitutes justification and is "a complete defense to an action for false arrest." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

**(2) Malicious Prosecution (federal and state law claims)**. Since defendants had probable cause to arrest plaintiff, and since plaintiff was indicted by a Grand Jury, defendants are entitled to summary judgment on plaintiff's malicious prosecution claim. "The existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (citation omitted).

**(3) Excessive Force.** Defendant officers Jorge Diaz and John Monell used reasonable force in placing plaintiff into custody when he was arrested on Evans Avenue, placed on the ground and handcuffed. "Excessive force claims ... are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Saucier v. Katz,* 533 U.S. 194, 207 (2001). That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim. Further, the court must be "careful to evaluate the record " 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' " *Jones v. Parmley,* 465 F.3d 46, 61 (2d Cir. 2006) (citation omitted). In this case, there is no evidence that excessive force was employed when plaintiff's was taken into custody.

**(4) Failure to Intervene**. Plaintiff's failure to intervene claim should be dismissed for two reasons. First, if a defendant "may be liable under a theory of direct participation, there is no claim against [that defendant] for failure to intervene." *Chepilko v. City of New York*, No. 06–CV–5491, 2012 WL 398700, at *8 n.5 (E.D.N.Y. Feb. 6, 2012). Second, there is no evidence that any defendant committed any violation of plaintiff's constitutional rights and thus, there were no actions to which any other defendant was obligated to intervene

**(5) Unreasonably Prolonged Detention.** The Complaint at ¶ 110 alleges defendants' "mishandling of exculpatory evidence and/or impeaching evidence and their concealment, suppression, and/or failure to turn said evidence over to the prosecution or the defense[.]" To the contrary, despite years of discovery and seventeen (17) depositions, there is no evidence whatsoever that any defendant committed any of the alleged acts described above. As stated above, plaintiff was arrested based on the car chase of the Range Rover described in the robbery, proceeds of the robbery which were found in the Range Rover, the discovery of a handgun in the area where Hosannah was hiding, Gladitz's seeing plaintiff exit the getaway vehicle, and the employee's identification of plaintiff as having been in the store previously. There is simply no evidence in this case of any exculpatory or impeaching evidence being withheld from plaintiff or his attorneys. To the extent this aspect of the Complaint may be interpreted to attack the actions of the Nassau County District Attorney's Office, neither that office nor any prosecutors are defendants in this action, and this claim should be dismissed.

**(6) *Monell* Claim.** Plaintiff's sixth claim, asserted under *Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658 (1978), alleges that Nassau County "had prior notice of the vicious propensities of its agents and employees," *viz.* all individual defendants, "but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority." Complaint, ¶119. However, the single instance of plaintiff's arrest in this case is insufficient to establish a municipal pattern or practice, *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985), and there is no evidence of prior "vicious propensities."

**(7) State Law Claims. (A) Assault and Battery.** "An arrest is lawful if made pursuant to a warrant or based upon probable cause." *Stone v. Port Authority of New York and New Jersey,* 2014 WL 3110002, at *6 (E.D.N.Y. July 8, 2014). "A lawful arrest is not an assault or battery under New York law, provided the force used is reasonable." *Figueroa v. Mazza,* 825 F.3d 89, 105 n.13 (2d Cir. 2016). As stated above, the amount of force used by defendants Diaz and Monell was reasonable, and thus the claims for assault and battery fail.

**(B) Intentional Infliction of Emotional Distress ("IIED").** "Liability [for an IIED claim] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d 46, 56 (2016). The requirements are so "rigorous, and difficult to satisfy" that, of the IIED claims to come before the New York Court of Appeals, "*every one* has failed because the alleged conduct was not sufficiently outrageous." *Id*. at 57 (emphasis in original). Defendants' actions in this case come nowhere near the requirements of an IIED claim.

**(C) Negligent Training.** The Complaint at ¶ 150 alleges merely that "Defendants failed to use reasonable care in the training" of the County employees who participated in the above unlawful conduct." However, the Complaint also alleges that each defendant was acting within the course and scope of his/her employment with defendant County. "New York law does not permit a claim for negligent hiring, training, retention or supervision where the defendants act in the scope of their employment." *I.M. v. United States*, 362 F. Supp.3d 161, 207 (S.D.N.Y. 2019). Since there is no evidence that any defendant acted outside the scope of his/her employment, this claim also fails.

      Defendants therefore respectfully request that the Court schedule a pre-motion conference to allow them to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56. As always, defendants thank Your Honor for your attention and consideration in this matter.

                                                                       Respectfully submitted,

                                                                         /s/  Ralph J. Reissman  
                                                                         RALPH J. REISSMAN  
                                                                         Deputy County Attorney

cc:  Via ECF  
Elefterakis Elefterakis & Panek  
80 Pine Street  
38th floor  
New York, NY 10005  
(212) 532-1116